# RAYMOND AND RAYMOND

### ATTORNEYS AT LAW

**7 GLENWOOD AVENUE, 4th FLOOR, STE. 408**

**EAST ORANGE, NEW JERSEY 07017**

--------

**TELEPHONE: (973) 675-5622**

**TELEFAX: (408) 519-6711**

**EMAIL: herbertraymond@gmail.com**

March 30, 2020

Honorable Rosemary Gambardella, U.S.B.J.
U.S. Bankruptcy Court
50 Walnut Street, 3rd Floor
Newark, NJ 07102

    Re: Nina Boykins
       19-24572 (RG)
       Chapter 13
    Proceeding: Specialized Loan Servicing's Application for
              Early Termination of Loss Mitigation
    Hearing Date: To Be Determined

Dear Judge Gambardella

    Please accept this letter in limited response to Specialized Loan Servicing LLC's ("SLS") Application for Early Termination of Loss Mitigation.

    SLS' application is based on the fact that debtor failed to make payments pursuant to a trial modification.  This is partially correct.  Debtor has been in the process of preparing a motion to enforce the loan modification with SLS.  SLS had apparently approved debtor for a trial modification in late 2019 or early 2020.  However, SLS failed to actually provide debtor with a copy of the trial modification despite several requests for such on her part, which is why payments under such were not made. Debtor can attest to this further in her own certification which was to be the subject of the motion to enforce the modification.

    Although this loan is in the loss mitigation program, debtor had been approved for the loan modification through her own direct communications with SLS and outside of the DMM portal.  As such, my office was not directly nor contemporaneously involved with the process.  When the modification was offered, despite engaging with debtor directly, SLS instead insisted that they

mailed the trial modification package to my office.  However, this was incorrect as my office never actually received the package.  So, without ever being provided with a confirmed copy of the trial modification, debtor was not able to perform under the terms of the trial modification.  Based on this failure to ever provide her, or my office, timely with the copy of the modification, directly leading to her default, debtor has been preparing the motion to enforce the modification.

Nevertheless, debtor remains willing and able to comply with any such dully provided modification.  Debtor requests that SLS voluntarily re-offer or extend to her such trial modification. Alternatively if SLS will not voluntarily do so, as a matter of judicial expediency, perhaps the court can compel SLS, via this proceeding, to provide such trial modification.

For the foregoing reasons, SLS' application to terminate loss mitigation should be denied.

Respectfully Submitted,

/s/ HERBERT B. RAYMOND, ESQ.
----------------------------
Herbert B. Raymond, Esq.